## SOLOMON TURPIN *v.* JAMES HAIL ET AL.

**Municipal Corporations—Confiscation of Property.**
    A town does not have the power, by ordinance, to cause the confiscation of property of a citizen until his guilt or innocence has first been determined by a judicial tribunal.

**Municipal Corporations—Confiscation of Property—Liability of Marshal.**
    In an action against a town marshal for seizing and confiscating property of a citizen under a city ordinance, the marshal should be allowed to show that the trustees passed the ordinance and that he was acting under the ordinance with the belief that it was legal, so as to rebut the presumption of malice.

**Appeal—Insufficiency of Pleading.**
    Where plaintiff's petition does not show jurisdiction in the circuit court, he cannot be allowed, in the Court of Appeals, to take advantage of the insufficiency of the plea on which the defense is based.

**Pleading—Allegation of Blank Amount of Damages.**
    Where a petition for unlawful seizure of hogs, by a town marshal, alleges that the hogs were worth $16, and that by their seizure and sale plaintiffs were damaged in the sum of $——, the prayer for damages does not cure the defect arising from the failure to fill the blank with a sufficient sum to give the court jurisdiction.

APPEAL FROM PULASKI CIRCUIT COURT.

December 20, 1873.

OPINION BY JUDGE LINDSAY:

The ordinance of the town of Somerset, under which appellant sought to justify the seizure and sale of appellees' hogs, is void. Whatever police power said town may have, it is clear that it can not, for any given offense, cause the confiscation of the property of citizens until the question of their guilt or innocence has first been passed upon by some judicial tribunal. The town marshal can not be empowered to act as prosecutor, judge and executioner. But still it was error to refuse to allow the invalid ordinance to be considered by the jury, for any purpose.

The fact that the trustees had attempted to pass such an ordinance, and that appellant acted under what he supposed to be the law, were circumstances tending to rebut the presumption of malice, or wilful disregard for the rights of others, upon his part. That he was prejudiced by the refusal of the court to allow proof of those facts to be made, is manifest from the finding, by the jury, of a verdict for seventy-five dollars, when appellees state in their petition, that the hogs were worth only sixteen dollars.

The answer is not technically good. It does not show that the appellant followed the directions of the void ordinance, but as appellees' petition does not show jurisdiction in the circuit court, they can not well insist in this court that they shall be allowed to take advantage of the insufficient plea upon which the defense was relied.

Appellees state in their petition that the hogs were worth sixteen dollars, and that by their seizure and sale they were damaged —— dollars. The prayer for $100 damages does not cure the defect arising from the failure to fill the blank with a sum sufficient to give the court jurisdiction.

The judgment is reversed, and the cause remanded for a new trial consistent herewith. Both parties should be allowed to amend their pleadings, if they desire to do so.

*T. Z. Morrow, for appellant.*

*James, for appellees.*